GEORGIANA RHEINFORT et al.

*v.*

LIZZIE ABEL.

[Decided October 27th, 1909.]

1. An answer under oath made to a bill praying for an answer under oath may be amended in matters of form or as to mistakes of dates or verbal inaccuracies; but an amendment in which defendant shifts his ground of defence cannot be allowed, as he must make a true and exhaustive answer at the earliest opportunity.

2. An answer under oath which denies the complainant's peaceable possession of land, and which alleges that defendant executed a deed of the land at a time when she was the wife of B., who did not join in the deed, may be amended by alleging that at the time of the execution of the deed she was the wife of S., who did not join in the deed.

3. A cross-bill must be supported by an answer.

4. Where the answer under oath to a bill praying for an answer under oath alleged that defendant executed a deed of the land in 1874 while married and that her husband did not join, but did not mention a deed made by her in 1870, an amended answer setting forth the deed made in 1870 could not be allowed.

5. The original answer under oath made to a bill praying for answer under oath will remain on file as evidence notwithstanding the filing of a supplemental answer and cross-bill, and complainant may use it to attack the credibility of defendant or otherwise.

————

On motion for leave to file an amended answer and cross-bill.

*Mr. Alexander P. Maxwell,* for the motion.

*Mr. James C. Connolly, contra.*

HOWELL, V. C.

The bill in this case is a bill to quiet title under the act of 1870. It prays for an answer under oath. The defendant, by the name of Elizabeth Bauerman, filed her answer under oath, denying the complainant's peaceable possession of the land for

upwards of twenty years and alleging that she executed a deed in 1874 without consideration for the land in question or some portion of it, which deed became and is a part of the complainant's title; that she signed the same with her maiden name, Lizzie Abel, and that her husband, John G. Bauerman, did not join, and that no title passed thereby, and she claimed title to a portion of the lands in question, which she describes in her answer. She now moves, under the name of Elizabeth Schell, to file an amended answer and a cross-bill in which answer she proposes to deny title and possession in the complainant and to allege that at the time she signed the deed in question she was the lawful wife of Peter A. Schell, and that her husband did not join in the deed, and that therefore no title passed, and by way of cross-bill prays that the deed of 1874 may be declared void, and that another deed made by her in 1870 affecting the complainant's title may also be declared void, and that she may be restored to her estate—an undivided one-half interest in the lands in question.

The difficulty attending the amendment of an answer or the filing of a supplemental answer is strongly illustrated by the cases referred to in *1 Dan. Ch. Pr.* 777. While amendments in matters of form or mistakes of dates or verbal inaccuracies are very easily allowed, no amendment can be permitted in which the defendant entirely shifts his ground of defence, the reason being that the answer is a disclosure under oath of facts within the memory of the answering defendant, and that it is the duty of the answering defendant to make a true, complete and exhaustive answer at the first and earliest opportunity. The answer proposed to be filed in this case differs from the answer now on file in these particulars. In the first answer she alleges that at the time of the execution of the deed she was the wife of John G. Bauerman; in the second that she was then the wife of Peter A. Schell; but neither husband having joined with her in the deed I do not see how that variation can materially affect the complainant's case. In the proposed cross-bill she asks that there be set aside not only the deed of 1874, but also a deed made by her in 1870. Inasmuch as a cross-bill must be supported by an answer, and inasmuch as her first answer makes no mention

of the deed of 1870, and she cannot be permitted to amend her answer in this regard, she consequently cannot be permitted to make any allegations with respect to the deed of 1870 in her cross-bill.

Under ordinary circumstances I would not advise any order permitting the filing of any pleading by the defendant which would change her attitude toward the complainant or permit her to shift the grounds of her defence, but in this case the rights and interests of all the parties to the tract of land should be dealt with and settled finally, and it is only with this view that the defendant should be permitted to make any change whatever.

With these limitations I will advise an order permitting a supplemental answer and cross-bill to be filed, but the answer now on file will so remain. This is but fair to the complainant, who may use the answer for the purpose of attacking the credibility of the defendant, or otherwise as he may be advised.

The order must be taken and the new pleadings filed on or before October 16th, 1909, and the defendant must furnish the complainant gratis with copies within the same time. The defendant must also within the same time pay the complainant's costs of this motion as a further condition, provided the complainant shall have the same taxed and served. The order will embrace all these conditions.